(50 Misc. Rep. 632)

### KOEPPEL v. KOEPPEL et al.

(Supreme Court, Appellate Term. April 24, 1906.)

APPEAL—RECORD—MATTERS REVIEWABLE.

Where the record does not show that any motion was made to set aside the verdict, an order purporting to deny such a motion must be regarded as signed inadvertently, and cannot be considered.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 2306.]

Appeal from City Court of New York, Trial Term.

Action by Fishel Koeppel against Mendel Koeppel and another. From a judgment for defendants, plaintiff appeals. Affirmed.

See 97 N. Y. Supp. 401.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Steuer & Hoffman, for appellants.

Abraham B. Schleimer (Max Schleimer, of counsel), for respondent.

PER CURIAM. We are driven to an affirmance of this judgment, if for no other reason, because of the lack of proper exceptions to raise the questions argued at length by the appellants. The action is upon what is termed an "account stated." The plaintiff and the defendants were engaged in a joint adventure in the purchase and sale of real estate. The property was under a contract of sale, and at plaintiff's solicitation the defendants signed a paper, agreeing to pay him his share of the profits stated to be "approximately, as above, about $1,000," on delivery of the selling deed. Above this agreement, upon the same piece of paper, was a column of figures footing up $1,008, and it was assumed, and practically conceded throughout the trial, that it was the sum which was referred to in the writing as "about $1,000." The de-

fendants' claim was that this figure was stated upon the assumption that the prospective purchaser of the property would take it at the agreed figure, but that afterwards it became necessary to make certain reductions and allowances in the selling price, and to pay certain expenses, so that the profits were so far reduced that plaintiff's share was reduced to $665, which they alleged had been paid. They also asserted that, after the written promise had been given, plaintiff agreed that the amount to be received by him should be reduced if the profits fell below their anticipated figure. Of all these facts they were allowed to give evidence, as well as of the payment made to plaintiff. The evidence, as presented by the printed record, appears to be very vague and confused. Possibly, it was more intelligible to the jury, who had the advantage of seeing and hearing the witnesses. No motion for a dismissal or for a direction of a verdict was made at the close of the case, and no exceptions were taken to the charge, nor were any requests to charge made. The record shows that no motion was made to set aside the verdict, although an order purporting to deny such a motion appears in the case. In the absence of any record of such a motion, we must conclude that the order was signed inadvertently, and cannot consider it. Nor was any motion made to correct the verdict in so far as it included interest upon the amount sued for. Our attention is called to some alleged errors in the conduct of the case which might furnish ground for reversal, if after proper objection they had been persisted in. The attention of the court below was not, however, called to them, and all parties seem to have acquiesced in the theory upon which the cause was tried. In the absence of any exception to the charge, or any motion for a new trial, we are precluded from considering the errors now pressed upon our attention.

Judgment affirmed, with costs.